IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* SUBPOENA TO TAASERA, INC., a Delaware corporation | Civ. Misc. No. _____<br><br>Case Pending: Eastern District of Texas<br>Civ. No. 2:22-MD-03042-JRG |

**TREND MICRO INC.'S MOTION TO COMPEL TAASERA, INC. TO COMPLY WITH SUBPOENA FOR DOCUMENTS AND TESTIMONY**

Trend Micro Inc. (Japan) ("Trend" or "Movant") respectfully moves this Court pursuant to Federal Rules of Civil Procedure 45 and 37 and pursuant to the Court's inherent authority to compel Taasera, Inc. ("Taasera"), a Delaware corporation, to comply with a subpoena for documents and testimony served on August 2, 2023 (the "Subpoena"). A copy of the Subpoena is included herewith as Exhibit A to the Declaration of D. Stuart Bartow dated October 5, 2023 ("Bartow Decl."). Proof of service for the Subpoena is attached as Exhibit B to the same.

**I.      INTRODUCTION**

Movant respectfully seeks the aid of this Court to enforce compliance with the Subpoena, which was served pursuant to Fed. R. Civ. P. 45 upon Taasera, a Delaware corporation. On August 2, 2023, Movant served the Subpoena upon Taasera's Delaware agent for service. The documents and testimony sought by the Subpoena are relevant to—and, indeed, of potentially critical importance in—a multidistrict litigation (MDL) currently pending in federal court in Texas in which Movant is one of six defendants accused of infringing multiple U.S. patents.

The Subpoena's recipient, Taasera, was the original assignee of four of the fifteen patents now asserted in the MDL proceeding. Notably, just a few months before Movant was sued, Taasera sold its patents, including the four patents-in-suit, to a newly-formed subsidiary of a New York-based patent assertion firm, Quest Patent Research Corporation ("Quest," another Delaware corporation). This new, wholly-owned subsidiary of Quest called Taasera Licensing, LLC ("Taasera Licensing"), is the plaintiff in the MDL. Apparently, the name of this assertion entity was chosen to connote some type of connection between that entity and Taasera, the operating company. Upon information and belief, Taasera has in its possession discoverable information concerning the development, prosecution, maintenance, patentability, enforceability, and valuation of the patents in suit.

Taasera never responded to the Subpoena. Efforts to reach Taasera and to identify any counsel Taasera may employ in connection with the Subpoena have proved unsuccessful. Accordingly, Movant brings this Motion seeking an order compelling compliance with the Subpoena pursuant to Rules 45, 37, and the Court's inherent authority.

## II.  THE RELEVANT ENTITIES

### A.  Taasera, Inc. ("Taasera")

Taasera is a corporation organized under the laws of Delaware. Taasera's original certificate of incorporation was filed on July 8, 2011. [Bartow Decl., Ex. C]. Its most recent amendment to its certificate of incorporation was filed on October 31, 2016. [*Id.*, Ex. D]. Taasera filed annual franchise tax reports from 2011 through 2020. [*Id.*, Ex. E].

On October 9, 2020, Corporation Service Company resigned as Taasera's agent for service, and Taasera's charter was forfeited on November 8, 2020. [*Id.*, Ex. F]. Thereafter, on May 18, 2021, Taasera filed a certificate for revival of charter. [*Id.*, Ex. G]. Two days later, on

May 20, 2021, Taasera assigned all of its patent rights to Taasera Licensing, mentioned above and discussed in more detail below.  [*See id.*, Ex. I.]  Notably, Taasera does not appear to have filed a franchise tax report for 2021, the year it entered into the patent sale transaction.

### B.  Quest Patent Research Corp. ("Quest")

Quest is a corporation organized under the laws of Delaware.  Quest filed its most recent amendment to its certificate of incorporation on July 27, 2022.  [Bartow Decl., Ex. H]. According to a Form 10-K filing with the U.S. Securities and Exchange Commission, Quest holds itself out as a New York-based "intellectual property asset management company." [Bartow Decl., Ex. I, at 1].  According to the same 2021 10-K filing, Quest paid $250,000 for seven Taasera patents including four of the patents-in-suit, closing the transaction on or about May 19, 2021.  [*Id.* at 13, F-16, F-29].

### C.  Taasera Licensing LLC ("Taasera Licensing")

Taasera Licensing LLC is a wholly-owned subsidiary of Quest.  Taasera Licensing was formed by Quest under the laws of Texas on May 12, 2021, just eight days before it was assigned the patents-in-suit by Taasera and six months before it began filing the patent infringement lawsuits underlying the MDL.  [Bartow Decl., Ex. J].  On Taasera Licensing's certificate of formation, Taasera's place of address is listed as a post office box and the office of its outside East Texas litigation counsel.  [*Id.*; *see also* Bartow Decl., ¶ 11].

### D.  Movant Trend Micro Inc. ("Trend")

Movant is part of a global family of technology companies that develop and distribute security software.  Movant, which is an entity organized under the laws of Japan, is a grandparent entity of Trend Micro Inc. (US), which operates in the United States.  Movant is a

defendant in an MDL proceeding styled as *In re Taasera Licensing LLC Multidistrict Patent Litigation*, MDL No. 3042, described in further detail below.

### III.   RELEVANT BACKGROUND

#### A.   The Underlying Litigation

There are seven constituent actions underlying the MDL involving six defendants. The Judicial Panel on Multidistrict Litigation centralized the actions into the current MDL proceeding on August 3, 2022. As mentioned, the plaintiff in the MDL is Taasera Licensing, which is a patent assertion entity wholly owned by Quest. Taasera Licensing's name appears to have been chosen to suggest a connection to the Delaware corporation, Taasera (Inc.), which operates as a software company and has sold various software products including a product marked under the name "NetTrust." Taasera Licensing has suggested in the MDL that Taasera's NetTrust products (and potentially other products) practiced the four patents-in-suit.

#### B.   Relevant Facts Concerning the Subpoena

The Subpoena issued on July 28, 2023. It was served upon Taasera's registered agent—A Registered Agent Inc., located at 8 The Green, Dover, Delaware—at 11 a.m. on August 2, 2023. [*See* Bartow Decl., Ex. B]. The Subpoena set a return date of August 11, 2023 for a deposition and production of documents in Wilmington, Delaware—within 100 miles of this Court and within this Court's jurisdiction. [*Id.*, Ex. A]. To date, Movant has not received any responses or objections to the Subpoena. [Bartow Decl., ¶ 12]. Movant also has not received any documents from Taasera in response to the Subpoena. [*Id.*, ¶ 13]. Subsequent to service, no attorney representing Taasera or any other representative of Taasera has ever contacted Movant. [*Id.*, ¶ 14]. Counsel for Movant has attempted to identify and locate counsel for Taasera, but has

been unsuccessful. [*Id.*, ¶ 15]. Fact discovery is currently set to close in the MDL on November 6, 2023.

IV. ARGUMENT

    a. Legal Standard

Rule 45 sets forth the duties of a recipient of a subpoena and authorizes courts to enforce a subpoena or hold the recipient in contempt. *See* Fed. R. Civ. P. 45(e). Subpoenas issued pursuant to Rule 45 of the Federal Rules of Civil Procedure are governed by the same standards as Rule 26. *See Verisign, Inc. v. XYZ.com, LLC*, No. CV 15-MC-175, 2015 WL 7960976, at *1 (D. Del. Dec. 4, 2015) ("Federal Rule of Civil Procedure 26(b)(1) defines the permissible scope of discovery, which also applies to a Rule 45 subpoena."); *Fisher-Price, Inc. v. Safety 1st, Inc.*, 217 F.R.D. 329, 331 (D. Del. 2003) ("Although initiated by a Rule 45 subpoena, the material sought . . . clearly falls within the ambit of subdivision 26(b)"); Fed. R. Civ. P. 45 Advisory Committee's Note to 1946 amendment ("subpoena for documents . . . [has] the same scope as provided in Rule 26(b), thus promoting uniformity").

Under Rule 26(b)(1), discovery may be obtained "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Additionally, "the federal rules allow broad and liberal discovery." *Corning Inc. v. SRU Biosystems, LLC*, 223 F.R.D. 191, 193 (D. Del. 2004) (quoting *Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999)). Further, the possibility of duplicative documents is not a valid reason to refuse to comply with a subpoena. *See Grunstein v. Silva*, 2010 WL 1531618, at *5 (Del. Ch. Apr. 13, 2010) ("[T]he fact that certain of the [third party] documents will overlap documents to be produced at the same time by Defendants because of Plaintiffs' motion to compel is of no consequence.").

Pursuant to Federal Rule of Civil Procedure 34(c) "a nonparty may be compelled to produce documents" in response to a subpoena issued under Rule 45. *See* Fed. R. Civ. P. 34(c). This Court is empowered to act as long as the Subpoena was properly served, does not require the production of documents at a location outside of the confines of Rule 45(c)(3)(A)(ii), and requests relevant information. And pursuant to Federal Rule of Civil Procedure 37(a)(2), "a motion for an order to a nonparty must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2).

### b. Taasera Has Waived its Objections

By failing to respond to the Subpoena, Taasera has waived its objections and must produce documents in response to the Subpoena. Movant has made attempts to identify Taasera's counsel, but to no avail. Respectfully, given Taasera's lack of a response to (and apparent disregard for) the Subpoena, compliance should be ordered.

### c. The Documents and Testimony Sought are Relevant and Discoverable

As noted, Taasera is a Delaware corporation. It operates (or at least operated) in the software industry and for years, selling software products and services including products marketed under the banner NetTrust. Taasera and its personnel purportedly developed the technology underlying four U.S. patents that are now being asserted in multidistrict litigation against six corporate defendants. At a minimum, Taasera should have in its possession:

- Documents and testimony concerning the patents and the named inventors (relevant to issues of patentability and validity);
- Documents and testimony concerning the products to which the patents purportedly relate and whether those documents were, *inter alia*, marked with the

- appropriate patent markings (relevant to patentability and to available potential damages);

- Documents and testimony concerning the first sale or offer for sale of any products (relevant to patentability);

- Documents and testimony concerning prior art of which Taasera and/or the named inventor employees might have been aware of at the time the relevant patent applications were filed with the U.S. Patent and Trademark Office (relevant to patentability and to enforceability);

- Documents and testimony concerning maintenance of the patents and why one patent family was allowed to lapse (relevant to enforceability);

- Documents and testimony concerning the transaction between Taasera and Quest (relevant to, *inter alia*, potential available damages);

- Documents and testimony concerning whether Taasera had notice or was aware of the products now being accused of infringement (relevant to equitable defenses);

- Documents and testimony concerning whether litigation was planned or anticipated at the time the transaction with Quest occurred (relevant to equitable defenses and enforceability);

- Documents and testimony concerning whether relevant information concerning the patents-in-suit has been destroyed or purged in anticipation of the underlying litigation (relevant to equitable defenses and enforceability).

All of the foregoing documents and testimony are relevant to—indeed central to—the core liability and damages issues presented in the MDL proceeding.

Generally, "the responding party must bear the expense of complying with discovery requests." *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978). However, it is within the Court's discretion under Rule 26(c) to grant orders protecting a party from "undue burden or expense." *Id.*

Here, Taasera's complete silence has given no indication that compliance with the Subpoena would create an "undue burden or expense." Therefore, Taasera should comply with the Subpoena and fully bear the cost and expense of doing so.

## V. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court enter an order requiring Taasera to fully comply with the Subpoena and to provide documents and appear for a deposition within this judicial district within ten (10) days.

| Dated: October 5, 2023 | Respectfully submitted, |
|---|---|
| **OF COUNSEL:**<br><br>D. Stuart Bartow (*Pro Hac Vice* forthcoming)<br>dsbartow@duanemorris.com<br>**DUANE MORRIS LLP**<br>260 Homer Street, Suite 202<br>Palo Alto, CA 94301<br>Telephone: (650) 847-4150<br>Facsimile: (650) 618-8505 | **DUANE MORRIS LLP**<br><br>*/s/ Monté T. Squire*<br>Monté T. Squire (No. 4764)<br>mtsquire@duanemorris.com<br>1201 N. Market Street, Suite 501<br>Wilmington, DE 19801<br>Telephone: (302) 657-4900<br>Facsimile: (302) 657-4901<br><br>*Counsel for Movant Trend Micro Inc. (Japan)* |

1711562_3